TYACK, P.J., dissenting.
 

 {¶ 18} I respectfully dissent.
 

 {¶ 19} We are reviewing this case in the context of whether summary judgment should have been granted by the trial court. For summary judgment to have been appropriate there must have been no genuine issues of material fact. I think there were genuine issues of material fact.
 

 {¶ 20} In June 2013, Ms. Harrigill fell when she stepped on a plywood board lying across a sidewalk. She broke her femur as a result of the fall. She filed suit against Thompson Concrete, Ltd. ("Thompson Concrete") who she alleged was responsible for placing the board on the sidewalk, thereby creating a hazardous condition. Counsel for Thompson Concrete responded to the lawsuit arguing that it had not been negligent in creating the condition because it owed no duty of care to Ms. Harrigill. Counsel argued also that the company was not liable due to a potential application of the so-called two inch rule in slip and fall cases.
 

 {¶ 21} Thompson Concrete has denied placing the plywood on top of the other boards in place to create a temporary crosswalk near Hunter and 11th Avenues in the Ohio State University area. However, there seems to be no doubt that the plywood was there and that Thompson Concrete was responsible for work on the sidewalks in the area. As a result, for purposes of a summary judgment motion, Thompson Concrete should be deemed the entity which was responsible for placing the plywood and/or the placement of the plywood. Thompson renovated the sidewalk at the intersection and placed wooden inlay board on the sidewalk. There was no indication that any other entity or individual was responsible for creating a temporary passage at that place and at that point in time. The trial court judge should have viewed the placement of the plywood as involving a genuine issue of material fact which should have been resolved in favor of the nonmoving party, Ms. Harrigill.
 

 {¶ 22} The trial court also granted summary judgment based on a finding that it was not foreseeable that someone would be injured while traversing a piece of plywood that had an exposed edge of less than one inch. The trial court also found that the plywood was discoverable on ordinary inspection and readily appreciable by an ordinary person.
 

 {¶ 23} The problem with the trial court's analysis is that Ms. Harrigill really had no choice but to go over the plywood. The crosswalk in the normal sense did not exist. Nothing was done to taper the edge of the plywood. A person who needs to cross had to cope with a sudden obstruction apparently three or more feet in length. Ms. Harrigill tried to step over the raised edge but her left toe got caught, resulting in her body being thrown forward. I view the length of the obstruction and the necessity to traverse it as attendant circumstances which did not automatically free Thompson Concrete from liability and responsibility for the fall.
 

 {¶ 24} Since the majority of the panel upholds the trial court's granting of summary judgment, I respectfully dissent.